```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**KURT G. LESSENTHIEN,**

                      **Petitioner,**

        v.                                       **CASE NO. 03-3149-RDR**

**COLLEEN L. MCGUIRE,**

                      **Respondent.**

**O R D E R**

Petitioner, a prisoner confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record, which includes respondent's answer and return, the court finds this matter is ready for decision.

Petitioner was found guilty in a 1996 general court martial on charges including five specifications of attempted espionage. The Navy-Marine Court of Criminal Appeals (NMCCA) found and addressed errors in the court-martial proceeding, but specifically found no merit to petitioner's allegation that the Commander, Submarine Forces, U.S. Atlantic Fleet, exercised unlawful command influence by acting as the convening authority of petitioner's court-martial. Petitioner sought no further review by the Court of Appeals for the Armed Forces (CAAF) of any error presented to NMCCA.

In this habeas action, petitioner seeks relief on a single claim of unlawful command influence by the Commander as the convening authority.

Citing petitioner's failure to present this claim to CAAF for further appellate review, respondent contends the petition should be dismissed because petitioner failed to fully exhaust available military remedies.[1]  This court agrees.

It is well settled that a federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.  Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If issues were given full and fair consideration in the military courts, a district court should not reach the merits and should deny the petition.  Id.; Burns v. Wilson, 346 U.S. 137, 142 (1953).  If an issue is brought before the military court and is disposed of, even summarily, a federal habeas court will generally find the issue has been given full and fair consideration.  Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986); Lips, 997 F.2d at 821, n.2.  "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence."  Burns, 346 U.S. at 142; Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991).

---

[1]Respondent further contends that petitioner's claim has no substantive merit.

Significant to the present case, it is also well-settled that federal civilian courts "will not entertain petitions by military prisoners unless all available military remedies have been exhausted." Schlesinger v. Councilman, 420 U.S. 738, 758 (1975); Khan v. Hart, 943 F.2d at 1261.  If an issue was not raised before the military courts, the issue is deemed waived and is not open for federal habeas review absent a showing by petitioner of cause and actual prejudice.  Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir.), *cert. denied* 540 U.S. 973 (2003); Watson v. McCotter, 782 F.2d at 145.

The court finds no such showing has been made in this case, and finds nothing to suggest that CAAF review remains available on the single claim asserted herein.  The court thus concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is dismissed and all relief is denied.

DATED:  This 29th day of July 2005, at Topeka, Kansas.

                                       s/ Richard D. Rogers  
                                      RICHARD D. ROGERS  
                                      United States District Judge